IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:24-cr-00462-BAH |
| ) | |
| TERESA CONEMAC ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR REFUND OF
PRE-SENTENCE PAYMENT**

On November 25, 2024, pursuant to a consent motion between the parties, this Court entered an order permitting Ms. Conemac to submit a pre-sentence payment for her anticipated criminal financial obligations of $500 in restitution as well as a special assessment of $20. Dkt. No. 14. Ms. Conemac then made a pre-sentence payment on November 28, 2024, in the full amount of $520, which has remained in the custody of the Clerk of the Court since. Her sentencing date was scheduled for February 7, 2025. Prior to sentencing, on January 20, 2025, President Trump issued an executive order granting a pardon to Ms. Conemac and other defendants who had been prosecuted in relation to the events at the United States Capitol on January 6, 2021. The government subsequently moved to dismiss the instant case, and the Court accordingly dismissed the matter on January 22, 2025. *See* Dkt. No. 22.

The Finance Office for the U.S. District Court for the District of Columbia has determined that Ms. Conemac is eligible for a refund of her pre-sentence payment because the money is still in the possession of the judiciary and has not vested in a third party or the U.S. government. Its position is consistent with *Knote v. United*

1

*States*, 95 U.S. 149 (1877), which held that criminal debt that had vested in the U.S. government or in a third party could not be returned to the defendant following a presidential pardon, but that such debt that had *not* vested should be returned. *See Knote*, 95 U.S. at 153–54 ("Where, however, property condemned, or its proceeds, have not thus vested, but remain under control of the executive or of officers subject to his orders, or are in the custody of the judicial tribunals, the property will be restored or its proceeds delivered to the original owner, upon his full pardon."). Undersigned defense counsel's understanding from the Finance Office is that they require a court order to be able to issue the refund.

    Accordingly, Ms. Conemac respectfully requests that the Court issue an order directing the Clerk of the Court to refund Ms. Conemac's pre-sentence payment. The government does not oppose this motion.

Dated:    March 17, 2025                    Respectfully submitted,

                                                            JODI LINKER
                                                             Federal Public Defender
                                                             Northern District of California

                                                                       /S
                                                            ANGELA CHUANG
                                                            Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Case No. 1:24-cr-00462-BAH |
| ) | |
| TERESA CONEMAC      ) | |

**[PROPOSED] ORDER FOR REFUND OF PRE-SENTENCE PAYMENT**

Upon consideration of the Defendant's Unopposed Motion for Refund of Pre-sentence Payment, and it appearing that good cause exists to enter an order directing the Clerk of the Court to refund pre-sentence payments that the Defendant had made in this case prior to being pardoned, it is by this Court, this _____ day of March 2025, hereby

ORDERED that the Clerk of the Court shall refund the pre-sentence payments ($20 in special assessments and $500 in restitution) that were submitted by or on behalf of the Defendant in this case.

    IT IS SO ORDERED.

                                                                       _____
                                                                       BERYL A. HOWELL, JUDGE
                                                                       UNITED STATES DISTRICT COURT